H. D. BACON, The (EADS v.). See Case No. 4,232.

---

## Case No. 6,292.
### _HEAD v. GREEN._
[5 Biss. 311;[1] 5 Chi. Leg. News, 423; 18 Int. Rev. Rec. 63; 5 Leg. Gaz. 247.]

Circuit Court, N. D. Illinois. May, 1873.

BREACH OF GUARANTY—MEASURE OF DAMAGES.

1. The measure of damages for breach of guaranty of the amount due on a note, there being no guaranty of payment or collectibility, is what the plaintiff has lost by that breach, which is the value of a judgment if one had been obtained against the makers.

2. Where the makers were solvent but proved payment, the measure is the full amount due on the note at the time of bringing suit, as stated in the guaranty.

This was a motion for a new trial, the case having been tried by the court without a

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

jury, and the issues found for plaintiff [James Head]. The suit was brought on a guaranty by the defendant, Harley Green, upon a note for $500, made by A. King & Co., to plaintiff, dated July 18, 1867, payable on demand, with interest at ten per cent., and on which there was an indorsement of $100, paid January 30, 1869. The guaranty is in the following words: "I hereby guaranty that there is now due and unpaid on the within note, the original sum of five hundred dollars and interest, except the one hundred dollars indorsed. But it is expressly understood that this guaranty is without liability of any kind on the undersigned, except as above, as to amount due. Signed, Harley Green." The defendant being the owner, on December 8, 1870, of this note, together with four others for $500 each, made by Mary E. and A. C. King, and secured by mortgage, sold the whole to the plaintiff for the sum of $2,150, making at that time the guaranty sued on. The mortgage was collectible, and plaintiffs knew that the makers had nearly completed their arrangements to pay it, and neither party considered the A. King & Co. note of any great value. After obtaining the guaranteed note, plaintiffs brought suit on it against the makers, A. C. and Alpheus King, in Greene county, Iowa, to which the makers pleaded payment in full, to defendant, on the 30th of January, 1869. Defendant was duly notified of this defense, and requested to furnish proof to meet it. He directed plaintiffs to subpoena a son of A. C. King, and Mrs. Mary E. King as witnesses. Both were duly summoned; the son attended and testified that the note was paid; Mrs. King did not attend the trial by reason of sickness. Defendant did not attend the trial, nor furnish his deposition, although he was a competent witness, nor did plaintiff take any steps to obtain his testimony other than by notifying him to furnish testimony to meet the defense. The case was tried and resulted in a verdict against plaintiff, on the ground that the note had been fully paid to defendant before he transferred the same to plaintiff. The record of the suit and judgment in Iowa, as well as other evidence of payment, was introduced on the trial, and the court found that the note had actually been paid at the time of the guaranty, and that the amount apparently due could have been collected if judgment had been obtained against the makers.

C. H. Lawrence, for plaintiff.

Miller & Frost, for defendant, as to measure of damages, cited Rapelye v. Anderson, 4 Hill, 472; Hutchins v. McCann, 7 Port. (Ala.) 94; Braman v. Hess, 13 Johns. 52; Shaeffer v. Hodges, 54 Ill. 337; Wright v. Butler, 6 Wend. 284; Cram v. Hendricks, 7 Wend. 569; Munn v. Commission Co., 15 Johns. 44; Raplee v. Morgan, 2 Scam. 561; Hawkinson v. Olson, 48 Ill. 277; Case v. Hall, 24 Wend. 102; Burt v. Dewey, 31 Barb. 540; Morgan v. Ryerson, 20 Ill. 343; Crabtree v. Kile, 21 Ill. 180; Caswell v. Coare, 1 Taunt. 566; Joslyn v. Collison, 26 Ill. 62; Judson v. Gookwin, 37 Ill. 286; Pitts v. Congdon, 2 Comst. [2 N. Y.] 352; Peine v. Weber, 47 Ill. 41.

BLODGETT, District Judge. The only question now made is as to what is the true measure of damages. The well-established rule in actions by indorsees against indorsers or guarantors of negotiable paper is, that the measure of damages is the amount paid by the assignee or indorsee to the guarantor or indorser, with interest. But this rule has been only applied, so far as my examination has gone, to cases where there was either an express or implied guaranty of payment or collectability, and I have been unable to find from any research of my own, nor has the industry of counsel on either side furnished me with any adjudged case, or even the dictum of a court or text writer, as to what is the true measure of damages on the breach of a guaranty like this. On a guaranty of payment or collectability, the holder knows that if he takes the necessary steps to fix the liability of the guarantor, he can recover back at least the amount paid for the note, with interest; but in a guaranty like this, he has no such redress. Here the holder of the guaranty takes all the chances of the collectability of the demand. There is no liability even by the guarantor in case the maker of the paper proves insolvent, but the holder must lose all he has paid unless he can collect from the maker. And it seems to me that the measure of his damages, in case of a breach of the contract as to the amount due, is what plaintiff has lost by that breach; which in this case should be the whole amount due on the note at the time suit is brought. And it appears to me that one weighty reason why this rule should be applied to a guaranty like this, is that the holder of notes or bills who attempts to negotiate them after due, must be presumed to know (and he alone) whether there are any legal or equitable defenses to the paper he purposes to transfer to another. And as he assumes no risk in regard to the collectability of the debt, he should at least be held to make good his express undertaking that the paper represents an honest demand for what purports to be due thereon. Can it be supposed that any person would buy a note with such a guaranty unless he understood that the guarantor was holden to make good the pledge he gives? [I do not say he is holden for the full amount due on the note, for the maker of the note may be insolvent, and a judgment obtained would be worthless, but the measure of his liability is the value of the judgment, if one had been obtained, against the maker.][2] And here it appears that the judgment would have been worth the

---

full amount, if it had been obtained. Motion for new trial overruled, and judgment for plaintiff.